IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DUFFY LYNN STRIKER					PETITIONER

VS.						CIVIL ACTION NO. 3:16CV519-DPJ-FKB

WARDEN ARCHIE B. LONGLEY				RESPONDENT

### REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2241 brought by Duffy Lynn Striker, a federal prisoner incarcerated at the Yazoo City Federal Correctional Complex in Yazoo City, Mississippi.  Having considered the petition, response, and reply, the undersigned recommends that the petition be dismissed.

Striker was convicted in 2003 in the United States District Court for the Northern District of Alabama of possession with intent to distribute methamphetamine (Counts 1 and 5), possession of a firearm in furtherance of a drug trafficking crime (Counts 2 and 6), and possession of a firearm by a convicted felon (Counts 3, 4 and 7). He was sentenced to a 70-month term each for Counts 1,3,4,5,and 7, all to be served concurrently.  He was also sentenced to 60 months on Count 2 and 300 months on Count 6, both to becserved consecutively to the sentences imposed under the other counts.   In 2016, the sentencing court reduced his sentences on Counts 1,3,4,5, and 7 from 70 months to 60 months, pursuant to 18 U.S.C. § 3582(c)(2).  After the sentence reduction, his total sentence was 420 months on all counts.

Striker's petition concerns his convictions and sentences on Counts 2 and 6 under 18 U.S.C. § 924(c). Striker challenges these two convictions and sentences, alleging that, pursuant to the Supreme Court's holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015), they violated due process.

The proper vehicle for challenging a conviction or sentence is generally not a § 2241 petition, but, rather, a motion under 28 U.S.C. § 2255, which must be filed in the sentencing court. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Striker contends that he may nevertheless proceed under § 2241 because his claims fall under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate if a petitioner's claim (1) is based upon a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Striker's position is that he may claim the benefits of the savings clause because he is relying upon a newly-recognized and retroactively-applicable rule that he could not have raised in a timely § 2255 motion.

The rule of law upon which Striker attempts to rely is that set forth in *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Johnson* involved the Armed Career Criminal Act (ACCA), which provides for an increased sentence where a defendant has three prior convictions for a violent felony. In *Johnson*, the Supreme Court struck down as

2

unconstitutionally vague the "residual clause" portion of the statute's definition of "violent felony," which includes within the definition a felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Court held that *Johnson* applies retroactively on collateral review.

*Johnson*, however, is inapplicable to Striker's case because Striker was not sentenced under the ACCA. Neither was his sentence enhanced because of a prior conviction for a violent felony. Rather, Striker was convicted and sentenced under § 924(c) because he possessed a firearm while committing drug-trafficking crimes. *Johnson* provides no basis for relief for Striker.

In his memorandum in support of the petition, Strike also contends that his conviction for aiding and abetting was unconstitutional under *Rosemond v. United States*, 134 S.Ct. 1240 (2014). Striker was not convicted of aiding and abetting, and the holding of *Rosemond* has no relevance to his convictions and sentences.

Striker cannot challenge his convictions and sentences pursuant to § 2241. Accordingly, the undersigned recommends that the petition be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R.

Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 23rd day of May, 2018.

                                            <u>s/ F. Keith Ball</u>
                                            United States Magistrate Judge